**Opinion issued July 24, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00663-CR

———————————

**AARRON JACOB MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 12-DCR-059791**

---

## O P I N I O N

The State charged Aarron Moore with the aggravated sexual assault of a child, an offense he was alleged to have committed at age 16. Because he was over 18 at the time charges were filed, the juvenile court transferred the case to a criminal district court. The criminal district court deferred adjudication and placed

Moore on five years' community supervision. On appeal, Moore contends that the juvenile court improperly transferred the case to a criminal district court, because the State failed to show that it was not practicable to proceed in juvenile court before Moore's eighteenth birthday for a reason beyond the State's control. *See* TEX. FAM. CODE ANN. § 54.02(j)(4)(A) (West 2014). Because the State did not adduce a reason beyond its control for failing to proceed in juvenile court, we hold that the juvenile court erred in transferring the case. The criminal district court therefore lacked jurisdiction to hear the case; we vacate its judgment and dismiss.

**Background**

Aarron Moore was born on July 11, 1992. On or about August 29, 2008, sixteen–year–old Moore sexually assaulted a twelve–year–old, E.W. On September 19, 2008, E.W. identified Moore as her assailant and reported the incident to her mother, who in turn reported this information to the police. Three days later, while Moore was still sixteen, Detective M. Cox began to investigate E.W.'s complaint.

Almost two years' later, on July 22, 2010, Detective Cox forwarded Moore's case to the district attorney's office, believing Moore to be seventeen years old. Moore, however, had turned eighteen eleven days earlier. In delaying forwarding the charges, Detective Cox testified that she relied on an internal police report that mistakenly listed Moore's birthday as July 11, 1993, making him appear

2

one year younger than his actual age. CPS records in the police file contained Moore's correct date of birth. Detective Cox also testified that she had a heavy caseload of 468 cases at the time.

*Course of Proceedings*

On September 8, 2010, the juvenile court ordered that Moore be taken into custody, and then ordered his conditional release a few days later. More than a year later, on August 17, 2011, the State filed a petition for a discretionary transfer of the case from the juvenile court to a criminal district court. On February 10, 2012, the juvenile court transferred the case, concluding that, for a reason beyond the control of the State, it was not practicable to proceed in juvenile court before Moore's eighteenth birthday. *See id.* Moore pleaded guilty to aggravated sexual assault of a child pursuant to a plea bargain; the criminal district court deferred adjudication and placed Moore on five years' community supervision.

**Discussion**

Moore contends that the juvenile court improperly transferred the case to the criminal district court because the State failed to show that, for a reason beyond the control of the State, it was not practicable to proceed in juvenile court before Moore's eighteenth birthday.

*Standard of Review*

We review a juvenile court's decision to transfer a case to an appropriate court for an abuse of discretion. *State v. Lopez*, 196 S.W.3d 872, 874 (Tex. App.—Dallas 2006, pet. ref'd); *see also In re M.A.*, 935 S.W.2d 891, 896 (Tex. App.—San Antonio 1996, no writ). In applying this standard, we defer to the trial court's factual determinations while reviewing its legal determinations de novo. *In re J.C.C.*, 952 S.W.2d 47, 49 (Tex. App.—San Antonio 1997, no writ).

*Analysis*

A juvenile court has exclusive, original jurisdiction over all proceedings involving a person who has engaged in delinquent conduct as a result of acts committed before age seventeen. *See* TEX. FAM. CODE ANN. §§ 51.02(2), 51.04 (West 2014). A juvenile court does not lose jurisdiction when a juvenile turns eighteen, but its jurisdiction becomes limited. The juvenile court retains jurisdiction to either transfer the case to an appropriate court or to dismiss the case. *In re B.R.H.*, 426 S.W.3d 163, 166 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (citing *In re N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999)). To transfer the case to an appropriate court, the State must satisfy the requirements listed in section 54.02(j). TEX. FAM. CODE ANN. § 54.02(j), which reads:

> The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

(1)	the person is 18 years of age or older;

(2)	the person was:

    (A)	10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

    (B)	14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

    (C)	15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3)	no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4)	the juvenile court finds from a preponderance of the evidence that:

    (A)	for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

    (B)	after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

        (i)	the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

        (ii)	the person could not be found; or

(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

Pursuant to section 54.02(j), the juvenile court may transfer the case to a criminal district court only if, among other findings, it determines by a preponderance of the evidence that "for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person." *Id.* § 54.02(j)(4)(A). The State has the burden of showing that proceeding in juvenile court was not practicable because of circumstances outside the control of the State. *See Webb v. State*, 08-00-00161-CR, 2001 WL 1326894, at *7 (Tex. App.—El Paso, Oct. 25, 2001, pet. ref'd) (mem. op., not designated or publication).

In *Webb*, the El Paso Court of Appeals considered the State's burden under section 54.02(j) and held that the State failed to satisfy it. *Id.* There, the State claimed that the delay resulted from the trial court staff's failure to set a prompt hearing. *Id.* at *5. Law enforcement filed the defendant's case with the district attorney's office. *Id.* at *2. A few days later, the State filed in juvenile court a petition for a discretionary transfer of the case to criminal district court, but failed to notify the juvenile court of the defendant's upcoming eighteenth birthday. *Id.* at *2, *6. At a hearing after the defendant's eighteenth birthday, the juvenile court

6

transferred the case to a criminal district court. *Id.* at *2. The court of appeals reversed, holding that the State's failure to notify the juvenile court of the defendant's upcoming birthday was not a reason for delay beyond the State's control. *Id.* at *7.

Here, the State contends that an investigative delay, stemming from Detective Cox's large caseload and mistake as to Moore's age, are reasons beyond the control of the State. The State concedes, however, that the offense was promptly reported and that Moore had been identified as the perpetrator within days after the offense was committed while he was still a juvenile and well short of his seventeenth birthday. The correct birthdate was evident in other police records. The State did not trace its error in the internal offense report to any outside source—Detective Cox testified that the report would have been created internally by an administrative assistant. The record demonstrates that it was the State's clerical error, coupled with its lengthy delay—unaided by any outside event—which caused the case to fall outside the juvenile court's jurisdiction. The State did not adduce proof that it could not have proceeded in juvenile court for reasons beyond its control.

The State attempts to distinguish *Webb* by emphasizing that Detective Cox forwarded Moore's case to the district attorney's office after Moore's eighteenth birthday—and that it was an investigative delay, not a prosecutorial delay, that

7

caused the State to file charges after the time for filing them had expired. But for purposes of section 54.02(j)(4)(A), we include law enforcement as part of "the State." *Cf. In re N.M.P.*, 969 S.W.2d 95, 101–02 (Tex. App.—Amarillo 1998, no pet.) (including law enforcement as part of "the State" for purposes of section 54.02(j)(4) due diligence exception). We analogize this case to the *Brady v. Maryland* line of authority, in which courts include law enforcement's conduct and knowledge of exculpatory evidence in determining a *Brady* violation. *See Kyles v. Whitley*, 514 U.S. 419, 437, 115 S. Ct. 1555, 1567 (1995) (discussing rule announced in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963)). For purposes of the *Brady* rule, "'the State' includes, in addition to the prosecutor . . . members of law enforcement connected to the investigation and prosecution of the case." *Pena v. State*, 353 S.W.3d 797, 810 (Tex. Crim. App. 2011) (citing *Ex parte Reed*, 271 S.W.3d 698, 726 (Tex. Crim. App. 2008)).

Because "the State" includes law enforcement, we hold that Detective Cox's heavy caseload and mistake as to Moore's age are not reasons beyond the State's control. Accordingly, we hold that the juvenile court erred in finding that the State had satisfied its burden under section 54.02(j)(4)(A).

*Harm*

The State contends that any error in transferring the case to a criminal district court was harmless, because the juvenile court could have transferred the

case under section 54.02(a). TEX. FAM. CODE ANN. § 54.02(a). But

section 54.02(a) applies only to a "child" at the time of the transfer. *Id.* The

Family Code defines "child" as a person who is:

(A) ten years of age or older and under 17 years of age; or

(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

*Id.* § 51.02(2). Here, the State moved to transfer the case to a criminal district

court on August 17, 2011. At the time, Moore was nineteen years old and thus not

a "child." *See id.* To transfer the case to a criminal district court after a person's

eighteenth birthday, the juvenile court must find, by a preponderance of the

evidence, that the State has satisfied the section 54.02(j) requirements—that the

delay happened for reasons outside the control of the State. *Id.* § 54.02(j); *N.J.A.*,

997 S.W.2d at 557 ("If the person is over age eighteen, and section 54.02(j)'s

criteria are not satisfied, the juvenile court's only other option is to dismiss the

case.").[1] Because the State did not meet this burden, its non–compliance with

section 54.02 deprived the juvenile court of jurisdiction. We therefore hold that

the juvenile court lacked jurisdiction to transfer the case to a criminal district court

---

[1] We note that the Family Code provides an exception to this rule, which applies to incomplete proceedings. TEX. FAM. CODE ANN. § 51.0412 (West 2014); *see also B.R.H.*, 426 S.W.3d at 166. This exception, however, does not apply here, and neither party raises it as an issue.

and, as a result, the criminal district court never acquired jurisdiction. *See Webb*, 2001 WL 1326894, at *7.

## Conclusion

We vacate the trial court's judgment and dismiss the case for lack of jurisdiction.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Publish. *See* TEX. R. APP. P. 47.2(b).

10