FILED IN
COURT OF CRIMINAL APPEALS

June 9, 2015

ABEL ACOSTA, CLERK

PD-1634-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/8/2015 6:01:02 PM
Accepted 6/9/2015 8:48:55 AM
ABEL ACOSTA
CLERK

**NO. PD-1634-14**

# IN THE COURT OF CRIMINAL APPEALS
## STATE OF TEXAS

---

### AARON JACOB MOORE, Appellant

### VS.

### STATE OF TEXAS, Appellee

---

No. 01-13-00663-CR
IN THE FIRST COURT OF APPEALS, HOUSTON, TEXAS

CAUSE NO. 12-DCR-059791
IN THE 400TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

---

### STATE'S BRIEF ON THE MERITS

---

John F. Healey
District Attorney, 268th Judicial District
Fort Bend County, Texas

C. Alexandra Foley
Assistant District Attorney

Gail Kikawa McConnell
SBOT #11395400
Assistant District Attorney
301 Jackson Street
Richmond, Texas 77469
(281) 341-4460 / (281) 238-3340 (fax)

Counsel for the State

## IDENTITY OF THE PARTIES AND COUNSEL

The Courts

Hon. Jeffrey A. McMeans                    Juvenile Court Judge
County Court at Law No. 2
Fort Bend County, Texas

Hon. Clifford J. Vacek                     former District Court Judge
400th Judicial District Court              (retired September 30, 2014)
Fort Bend County, Texas


For Appellant, Aaron Moore

Kirby J. Taylor                            Attorneys in the Juvenile Court
4810 Caroline Street
Houston, Texas 77004-5608

Tommy James Stickler, Jr.                  Attorney in the District Court
235 Sealy Street
Alvin, TX  77511

Carmen Roe                                 Attorney on Appeal
440 Louisiana, Suite 900
Houston, Texas 77002

For the State

John F. Healey, Jr.                           District Attorney, 268th Judicial District
301 Jackson Street                            Fort Bend County
Richmond, TX  77469


C. Alexandra Foley                            Assistant District Attorney in the
301 Jackson Street                            Juvenile and District Courts
Richmond, TX  77469


Gail Kikawa McConnell                         Assistant District Attorney on Appeal
301 Jackson Street
Richmond, TX  77469

# TABLE OF CONTENTS

IDENTITY OF THE JUDGES, PARTIES, AND COUNSEL. . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . x

QUESTION GRANTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

> Does the court of appeals's construction of "the state" in Section 54.02(j)(4)(A), Family Code require dismissal of a case with prejudice without consideration of the factors for oppressive delay in violation of the separation of powers doctrine?

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.     The court of appeals combined the investigatory function of law enforcement agencies with the litigation function of the prosecution in construing "the state" for the purposes of Family Code, Section 54.02(j)(4)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.     The court of appeals failed to consider whether the investigative delay was oppressive before vacating the judgment. . . . . . . . . . . . . . 8

    C.     The Due Process Clause protects juvenile offenders from oppressive investigatory delay in the prosecution of their cases. . . . . 9

D.  The Texas Constitution explicitly provides for the separation of governmental powers. The Legislature encroached on the duty of the District Attorney to prosecute cases by requiring dismissal with prejudice without first considering whether the delay was unconstitutional.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

1.  The Texas Constitution authorizes the Legislature to make procedural rules for the government of the courts; not substantive rights. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

2.  Rather than providing guidelines for the speedy filing of a petition, Section 54.02(j)(4)(A) is directed at speeding up the state's filing of a petition without regard to investigatory delay. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

3.  Section 54.02(j)(4)(A) deprives the prosecutor of his exclusive prosecutorial discretion in preparing for trial in violation of the Separation of Powers Clause. . . . . . . . . . . . 16

E.  The undisputed evidence shows that the delay was not an intentional device used to gain a tactical advantage over the accused and no Due Process violation is shown. . . . . . . . . . . . . . . . 18

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

APPENDIX A:  Copy of the 2008 version of Section 54.02, Family Code

# INDEX OF AUTHORITIES

**CASES**                                                                **PAGE**

Bannister v. State,
    552 S.W.2d124 (Tex. Crim. App. 1977).. . . . . . . . . . . . . . . . . . . . . . . . 6

Broadway v. Beto,
    338 F.Supp. 827 (N.D. Tex. 1971),
    *affirmed for the reasons stated* 459 F.2d 483 (5th Cir. 1972),
    *cert. denied* 409 U.S. 1012 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Doggett v. United States,
    505 U.S. 647 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Ex parte Young,
    213 S.W.3d 327 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . 15

Grayless v. State,
    567 S.W.2d 216 (Tex. Crim. App. 1978). . . . . . . . . . . . . . . . . . . . . . 11

Ibarra v. State,
    11 S.W.3d 189 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . 11

In re Gault,
    387 U.S. 1 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re N.J.A.,
    997 S.W.2d 554 (Tex. 1999).. . . . . . . . . . . . . . . . . . . . . . . . . 6, 14, 17

In re N.M.P.,
    969 S.W.2d 95 (Tex. App.--Amarillo 1998, no pet.). . . . . . . . . . . . . . 8, 11

In re P.B.C.,
    538 S.W.2d 448 (Tex. Civ. App.--El Paso 1976, no writ). . . . . . . . . . . . . 9

Johnson v. State,
    58 S.W. 60 (1900). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Jones v. State,
    803 S.W.2d 712 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . 15-16

Meshell v. State,
    739 S.W.2d 246 (Tex. Crim. App. 1987). . . . . . . . . . . . . . . . . . . . . . . 12-15

Miller v. State,
    981 S.W.2d 447 (Tex. App.--Texarkana 1998, pet. ref'd). . . . . . . . . . . . . . . 6

Moore v. State,
    446 S.W.3d 47 (Tex. App.--Houston [1st Dist.] 2014, pet. granted). . . . . 7, 8

Pratt v. State
    Nos. 14-99-00162-CR, 14-99-00163-CR, 2000 WL 963530
    (Tex. App--Houston [14th Dist.] July 13, 2000, no pet.)
    (not designated for publication). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Spence v. State,
    795 S.W.2d 743 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

State v. Condran,
    977 S.W.2d 144 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . . . . . . 15-17

State v. Krizan-Wilson,
    321 S.W.3d 619 (Tex. App.--Houston [14th Dist.] 2010),
    *aff'd* 354 S.W.3d 808 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . 8

State v. Krizan-Wilson,
    354 S.W.3d 808 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . . . . 11, 18

State v. Maynard,
    No. 89786-7, 2015 WL 3413327 (Wash. May 28, 2015). . . . . . . . . . . . . 6, 9

State v. Salavea,
    86 P.3d 125 (Wash. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

State v. Walls,
        775 N.E.2d 829 (Ohio 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

State v. White,
        306 S.W.3d 753 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . . . . . . . . . . 8

State v. Williams,
        938 S.W.2d 456 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . . . . 15-16

United States v. Crouch,
        84 F.3d 1497 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Lovasco,
        431 U.S. 783 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Marion,
        404 U.S. 307 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**CONSTITUTIONS**

United States Constitution
        amend. V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

Texas Constitution
        Article II, § 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        Article V, § 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        Article V, § 31(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**STATUTES**

Code of Criminal Procedure
    Article 2.27. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Article 4.18. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    Article 12.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7
    Article 62.101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    Chapter 62, Subchapter H. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Family Code
    Section 51.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    Section 51.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Section 51.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Section 53.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-11
    Section 53.045. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    Section 54.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Penal Code
    Section 8.07. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6
    Section 12.32. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Section 22.021. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**OTHER AUTHORITY**

Robert Dawson, Texas Juvenile Justice Department,
    *Texas Juvenile Law* (8th ed. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . 6

# NO. PD-1634-14

## IN THE COURT OF CRIMINAL APPEALS
## STATE OF TEXAS

---

### AARON JACOB MOORE, Appellant

### VS.

### STATE OF TEXAS, Appellee

---

No. 01-13-00663-CR
IN THE FIRST COURT OF APPEALS, HOUSTON, TEXAS

CAUSE NO. 12-DCR-059791
IN THE 400TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

---

### STATE'S BRIEF ON THE MERITS

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

### STATEMENT OF THE CASE

In construing the limited jurisdiction of the juvenile court and transfer provision in Family Code, Section 54.02(j)(4)(A), a panel of the court of appeals, analogized "the state" "to the *Brady v. Maryland* line of cases," and found that the "the State did not adduce a reason beyond its control for failing to proceed in juvenile court" before Appellant turned eighteen. *Moore v. State,* 446 S.W.3d 47, 49 (Tex.

App.--Houston [1st Dist.] 2014). The court vacated the judgment for aggravated sexual assault, a first degree felony with no statute of limitations, and dismissed this case for want of jurisdiction without considering whether there was unconstitutional oppressive investigatory delay. *Id.* at 52. On November 13, 2014, the court denied the State's motion for rehearing en banc.

On April 22, 2015, this Court granted the State's second question for review. The State's brief on the merits is due on June 8, 2012, on an extended deadline.

## STATEMENT REGARDING ORAL ARGUMENT

The Court denied oral argument.

## GRANTED QUESTION FOR REVIEW

The Court granted the State's second question for review:

Does the court of appeals's construction of "the state" in Section 54.02(j)(4)(A), Family Code require dismissal of a case with prejudice without consideration of the factors for oppressive delay in violation of the separation of powers doctrine?

**STATEMENT OF FACTS**

On September 19, 2008, twelve-year-old E.W. outcried to her mother that her cousin, Appellant had "stuck his penis in my behind," and that she was nine-years-old when he started doing so. [2 RR 23, 24, 25, 34] E.W.'s mother immediately took E.W. to Texas Children's emergency room for a SANE exam and to the Children's Advocacy Center ("CAC") for a forensic interview. [2 RR 63, 64]

The case was assigned to Fort Bend County Sheriff's Detective Cox who attempted to speak with Appellant; however, his mother would not allow him to come to the Sheriff's Office alone. [1 RR 97-98] Appellant's mother wanted Appellant's uncle to be present during the interview, thus Det. Cox did not have an opportunity to do a forensic interview. [1 RR 98] Det. Cox attended the CPS interview with Appellant, during which Appellant denied the allegations. [1 RR 102] The CPS interview was very short, and Det. Cox formed no opinion about Appellant's credibility. [1 RR 102, 103]

Det. Cox testified that she did not personally obtain Appellant's birth date during the course of her investigation, but went by the "initial report," which was based on the CPS referral received by the Sheriff's Office. [1 RR 68] Appellant's birth date was typed by the Sheriff's Office administrative staff into the report as July 11, 1993, one year younger than Appellant's actual birth date of July 11, 1992. [1 RR

1

69, 70, 72] Det. Cox testified that if the CPS and medical records had a different birth date than her initial report, she did not use the records to verify Appellant's birth date, but "to make sure that everything's consistent as far as an outcry for a victim." [1 RR 71]

Still believing that Appellant was seventeen, Det. Cox filed this case with the district attorney's office on July 22, 2010, eleven days after Appellant had already turned eighteen. [1 RR 71, 72]

Det. Cox testified that it was not unusual for a case like Appellant's to take two-years to investigate and file because at that time she was the only detective handling a caseload of 468 CPS cases. [1 RR 72-73] Det. Cox's caseload lightened somewhat in 2009 to 330 cases, and again in 2010 to 195 cases, as more detectives were assigned, and the detectives were split into child abuse and family violence units. [1 RR 73-74] Det. Cox testified that her high caseload was due to budget issues and the decisions of the Commissioner's Court. [1 RR 74] At the time of her testimony at the transfer hearing, Det. Cox had an active caseload of thirty-two cases. [1 RR 75]

Det. Cox testified that if she had known Appellant was a year older, she would have filed his case as soon as she could given all the other victims she had to work with. [1 RR 75] Det. Cox explained, "[O]f the 468 cases, if I have a suspect

immediately in contact with that victim where they're in the same house, it's a father, a mother, a brother and they're in immediate danger, I have to take that case first. There's numerous cases that come in like that."[1] [1 RR 92] While the charges against Appellant were serious, Appellant was not an immediate family member residing in the same house with E.W. [1 RR 92]

Det. Cox testified that Appellant's case was not immediately filed because she "did not have all the records and everything right." [1 RR 80] Det. Cox testified that she received E.W.'s therapy records from Jeanette Holland at the Christian Counseling Centers and the SANE records from Texas Children's Hospital in June 2009. [1 RR 92-93] On July 6, 2010, Det. Cox conducted a follow-up interview with E.W.'s mother regarding her concerns regarding information in the CPS report about E.W.'s disabled sister. [1 RR 93-94, 2 RR 60] During this second interview, Det. Cox took photos of the house where the alleged last incident occurred. [1 RR 94]

There was no testimony showing that the two-year investigatory delay in filing this case was unconstitutionally oppressive.

---

[1] The Code of Criminal Procedure, Article 2.27(a), requires investigation within twenty-four hours of such cases. Tex. Code Crim. Proc. art. 2.27(a) (West 2008).

## SUMMARY OF THE ARGUMENT

When a case is filed after the juvenile turns eighteen, Section 54.02(j)(4)(A), Family Code authorizes a juvenile court to transfer a case where the State proves by a preponderance of the evidence that the case could not be filed earlier because of "a reason beyond the control of the state." In this case, the investigating law enforcement agency filed the case after Appellant turned eighteen. The court of appeals analogized "the state" to the *Brady* line of cases, thus lumping the investigating agency in with the prosecution, and concluded that the State failed to prove a reason beyond its control.

Before ordering the transfer of this case to district court, the juvenile court carefully considered whether there was unconstitutional oppressive investigatory delay in filing the petition. However, unlike the juvenile court, the court of appeals vacated the judgment in this case without first considering whether the delay was unconstitutionally oppressive.

Under the terms of Section 54.02(j)(4)(A), if the State were to fail in its proof, the case would never be prosecuted, i.e., the case is dismissed with prejudice, without a determination of whether there was unconstitutional oppressive investigatory delay. Thus, Section 54.02(j)(4)(A) encroaches on the constitutional duty of district and county attorneys to prosecute cases and violates the Separation of Powers Clause.

4

**ARGUMENT**

A. *The court of appeals combined the investigatory function of law enforcement agencies with the litigation function of the prosecution in construing "the state" for the purposes of Family Code, Section 54.02(j)(4)(A).*

Appellant last penetrated E.W.'s anus when he was sixteen years old. [1 RR 72; 2 RR 23, 25, 26] This offense is a first degree felony that has no statute of limitation and was referred for prosecution after Appellant turned eighteen years old. Tex. Pen. Code §§ 22.021 & 12.32 (West 2008); Tex. Code Crim. Proc. 12.01(1)(B) (West 2008), 1 RR 72.

The Family Code provides the juvenile court with exclusive jurisdiction over proceedings involving a child who is "(A) ten years of age or older and under 17 years of age; (B) or seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age." Tex. Fam. Code §§ 51.02(2) & 51.04(a) (West 2008).

Section 8.07, Penal Code, provides in pertinent part that "a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age," except for certain offenses committed when the person is younger than 15 years

5

of age, "[u]nless the juvenile court waives jurisdiction[2] under Section 54.02, Family Code, and certifies the individual for criminal prosecution." Tex. Pen. Code §8.07 (West 2008).

Before a person turns eighteen, the Juvenile Code provides the State with discretion to file one of three types of petitions in a first degree felony case like aggravated sexual assault: (1) a petition for an adjudication hearing; (2) a petition for a determinate sentence, to be returned by a grand jury; and (3) a petition for a transfer (to district court) hearing. *See* Tex. Fam. Code §§ 53.04, 53.045, 54.02(a) (West 2008); Robert O. Dawson, *Texas Juvenile Law* 565 (8th ed. 2012). Once the person turns eighteen, the Juvenile Code limits the Court to transferring the case to district court under certain circumstances or do nothing, i.e., dismiss the case with prejudice. Tex. Fam. Code § 54.02(j); *In re N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999).

Here, the District Attorney's Office received the case after Appellant had

---

[2]     However, this jurisdiction to transfer may itself be waived under Article 4.18, Code of Criminal Procedure, if the defendant fails to file "a written motion in bar of prosecution." Tex. Code Crim. Proc. art. 4.18(a) & (d) (West 2008). Article 4.18 became effective January 1, 1996, and cases like *Bannister v. State*, 552 S.W.2d 124, 125 (Tex. Crim. App. 1977) (reversing a conviction on the basis of the defendant's true age), are thus overruled by statute. *See, Pratt v. State*, Nos, 14-99-00162-CR, 14-99-00163-CR, 2000 WL 963530, at *2-*3 (Tex. App.--Houston [14th Dist.] July 13, 2000, no pet.) (not designated for publication, citing *Miller v. State*, 981 S.W.2d 447 (Tex. App.--Texarkana 1998, pet. ref'd)). Since "jurisdiction" may be waived, a juvenile court's "exclusive original jurisdiction" may be more properly understood as authority. *See State v. Maynard*, No. 89786-7, 2015 WL 3413327, at *4 (Wash. May 28, 2015).

turned eighteen and proceeded under Section 54.02(j)(4)(A), which provides for the transfer of a person to district court if the person is eighteen years of age or older and "the juvenile court finds from a preponderance of the evidence that for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person."  Tex. Fam. Code § 54.02(j)(4)(A) (West 2008).  A copy of the 2008 version of Section 54.02 is attached hereto as Appendix A.

In considering whether the juvenile court had jurisdiction to transfer this case, the court of appeals analogized "the state" to the *Brady* line of cases where law enforcement and the prosecution are viewed as one entity.  *Moore v. State,* 446 S.W.3d 47, 52 (Tex. App.--Houston [1st Dist.] 2014).  Therefore, the investigatory delays at the Sheriff's Office in filing this case after Appellant's eighteenth birthday, were attributed to the prosecution.  *Moore*, 446 S.W.3d at 52.

Under the court of appeals construction, even when there is justifiable investigatory delay, the State must dismiss its case despite there being no statute of limitation for aggravated sexual assault.  Tex. Fam. Code § 54.02(j)(4)(A); Tex. Code Crim. Proc. art. 12.01(1)(B).

B.    *The court of appeals failed to consider whether the investigatory delay was oppressive before vacating the judgment.*

Because it viewed the Sheriff's Office and the District Attorney's Office as one entity, the court of appeals found that investigatory delays at the Sheriff's Office were "not reasons beyond the State's control." *Moore*, 446 S.W.3d at 52.

The record shows that before deciding to waive jurisdiction and transfer this case, the juvenile court carefully considered the cases tendered by the State[3] that discussed unconstitutional investigatory and pre-indictment delay. [2 RR 105, *United States v. Lovasco*, 431 U.S. 783 (1977) (no Due Process violation when law enforcement did little to investigate case in seventeen-month delay); *State v. White*, 306 S.W.3d 753 (Tex. Crim. App. 2010) (seventeen-year delay in murder case by law enforcement not unconstitutional); *State v. Krizan-Wilson*, 321 S.W.3d 619 (Tex. App.--Houston [14th Dist.] 2010), *aff'd* 354 S.W.3d 808 (Tex. Crim. App. 2011) (twenty-three-year delay by the prosecution not unconstitutional); and *In re N.M.P.*, 969 S.W.2d 95 (Tex. App.--Amarillo 1998, no pet.) (nine-year delay by law enforcement, who had no probable cause until DNA testing identified N.M.P., was not unconstitutional)]

Unlike the juvenile court, the court of appeals did not consider whether there

---

[3]    The State tendered a copy of these cases to opposing counsel at the same time.  [2 RR 105]

8

was unconstitutional oppressive investigatory delay. *Moore*, 446 S.W.3d at 52.

C.    *The Due Process Clause protects juvenile offenders from oppressive investigatory delay in the prosecution of their cases.*

A person has no constitutional right to be tried as a juvenile. *In re P.B.C.*, 538 S.W.2d 448, 452 (Tex. Civ. App.--El Paso 1976, no writ) (citing *Broadway v. Beto*, 338 F.Supp. 827, 840 (N.D. Tex. 1971), *affirmed for the reasons stated* 459 F.2d 483 (5th Cir. 1972), *cert. denied* 409 U.S. 1012 (1972)). However, juvenile court offers a person important benefits, *e.g.,* avoiding the stigma of an adult criminal conviction, less harsh penalties, and private or no sex offender registration under Chapter 62, Code of Criminal Procedure.[4] *See In re Gault*, 387 U.S. 1, 22-24 (1967); *State v. Maynard*, No. 89786-7, 2015 WL 3413327, at *3 (Wash. May 28, 2015); Texas Code of Crim. Proc. art. 62, Subchapter H. (West 2008). Loss of these rights is generally prejudicial to a person.

The Due Process Clause of the Fifth Amendment "always protects defendants

---

[4]    Where, as here, a person is charged with aggravated sexual assault, the loss of private or even no sex offender registration may be of great concern. If a person is transferred to district court, the law still is less harsh, and if convicted, the person shall be required to register for a maximum of ten years. Tex. Code Crim. Proc. art. 62.101(b) (West 2008). The vagary of Section 54.02(j) is illustrated by this case. If E.W. had suffered Appellant's assaults for two more years and outcried after he turned eighteen, the State would have been able to transfer Appellant to district court under Section 54.02(j)(4)(B)(i) (West 2008), because it would not have had probable cause to proceed before Appellant's eighteenth birthday. The arguments herein would have been unnecessary.

against fundamentally unfair treatment by the government in criminal proceedings." *Doggett v. United States*, 505 U.S. 647, 666 (1992). This protection extends to oppressive investigatory delay. *United States v. Marion*, 404 U.S. 307, 324 (1971).

However, "[p]roof of prejudice is generally a necessary, but not sufficient element of a due process claim." *United States v. Lovasco*, 431 U.S. 783, 790 (1977). Delay between the commission of the offense and the initiation of prosecution, must be considered in light of "the reasons for the delay as well as the prejudice to the accused." *Id*. An indictment that was delayed for further investigation should be dismissed only when the delay "violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency." *Id.* (citations and internal quotations omitted).

With regard to the due process test for pre-indictment delay, this Court "has followed the Fifth Circuit's bright-line methodology[5] in holding that, to be entitled to relief, a defendant must demonstrate that the delay: (1) caused substantial prejudice

---

[5]    Referring to *United States v. Crouch*, 84 F.3d 1497, 1514 (5th Cir. 1996). The *Crouch* test follows verbatim the Supreme Court's pronouncement in *United States v. Marion*, 404 U.S. 307 (1971), "[T]he Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the preindictment delay in this case caused substantial prejudice to appellee's rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *Id.* at 324.

to his right to a fair trial, and (2) was an intentional device used to gain a tactical advantage over the accused." *State v. Krizan-Wilson*, 354 S.W.3d 808, 814-15 (Tex. Crim. App. 2011) (no violation in pre-indictment delay); *Ibarra v. State*, 11 S.W.3d 189, 193 (Tex. Crim. App. 1999) (no violation in investigative delay; "We are unaware of any requirement that the police conduct continuous investigation").

In *In re N.M.P.*, 969 S.W.2d 95, 101-02 (Tex. App.--Amarillo 1998), the El Paso Court of Appeals applied this due process test in a juvenile case, albeit under a different section of the Family Code. *Id.* at 101-02 (decided under Section 53.04, requiring a petition or hearing "as promptly as practicable").

The Washington Supreme Court applies the test set forth in *Lovasco* to cases involving crimes committed by juveniles and requires the defendant to first produce evidence demonstrating that the delay has caused actual prejudice to his defense. *See, e.g., State v. Salavea*, 86 P.3d 126, 131 (Wash. 2004).

The Ohio Supreme Court also applies the *Lovasco* due process test in cases where the offense was committed by a juvenile and requires the defendant to first present "evidence establishing substantial prejudice." *See, e.g., State v. Walls*, 775 N.E.2d 829, 845 (Ohio 2002).

This Court applied the adult due process test for a speedy trial violation in a case involving an offense committed by a juvenile in *Grayless v. State*, 567 S.W.2d 216, 220-22 (Tex. Crim. App. 1978).

To date, the State has found no case holding that the adult due process tests cannot or should not be used in cases involving offenses committed by a juvenile.

> D.    *The Texas Constitution explicitly provides for the separation of governmental powers. The Legislature encroached on the duty of the District Attorney to prosecute cases by requiring dismissal with prejudice without first considering whether the delay was unconstitutional.*

The Texas Constitution explicitly provides for the separation of the powers of government into three distinct departments:

> Sec. 1.  The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1.

Article 5, Section 21, of the Texas Constitution establishes "[t]he office of county attorney, as well as district and criminal district attorney." *Meshell v. State*, 739 S.W.2d 246, 253 (Tex. Crim. App. 1987); Tex. Const. art. V, § 21. "[O]ur courts have long recognized" that the primary function of district and county attorneys is "to prosecute the pleas of the state in criminal cases." *Meshell*, 739 S.W.2d at 254.

12

1.  *The Texas Constitution authorizes the Legislature to make procedural rules for the government of the courts; not substantive rights.*

This Court has recognized that the Texas Constitution provides the Legislature with "complete authority to pass any law regulating the means, manner, and mode of assertion of any of [a defendant's] rights in the court." *Meshell*, 739 S.W.2d at 255 (quoting *Johnson v. State*, 58 S.W. 60, 71 (1900)). This authority is presently embodied in Article V, Section 31(a):

> (a) The Supreme Court is responsible for the efficient administration of the judicial branch and shall promulgate rules of administration not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice in the various courts.

Tex. Const. art. V, § 31(a).

> A prerequisite to the Legislature's power to act under Article V, [§ 31(a)], however, is the existence of a right for which the legislature can provide procedural guidelines. Were it otherwise, the procedural legislation would itself create a substantive "right," and exceed the grant of power in Article V, [§ 31(a)], supra, thereby encroaching upon another department.

*Meshell*, 739 S.W.2d at 255.

In determining whether the Legislature has exceeded its grant of power, this Court has looked to whether the statute is directed to providing procedural guidelines to effect a substantive right or is focused on the prosecutorial function. *See, e.g., Meshell*, 739 S.W.2d at 255 (Speedy Trial Act is "directed at speeding the *prosecutor's preparation and ultimate readiness for trial*" rather than "providing

13

procedural guidelines for the speedy *commencement of trial*").

> 2. *Rather than providing guidelines for the speedy filing of a petition, Section 54.02(j)(4)(A) is directed at speeding up the state's filing of a petition without regard to investigatory delay.*

In Section 54.02(j)(4)(A), the Legislature provided the juvenile court with the limited jurisdiction to transfer a case to district court when a juvenile is eighteen years or older. *In re N.J.A.*, 997 S.W.2d at 556 (construing Tex. Fam. Code § 54.02(j)). It did not provide the juvenile court with the power to adjudicate a juvenile who is eighteen years or older. *Id.* Thus, if the conditions for transfer are not met, the juvenile court can do nothing with the case, and the delinquent conduct is effectively dismissed with prejudice. The defendant is granted a bonanza right not to be prosecuted for, in this case, a first degree felony offense with no statute of limitations, when there was no constitutional violation of his rights.

In *Meshell*, this Court held that the Speedy Trial Act violated the separation of powers doctrine by setting a deadline after which a case would be dismissed with prejudice. *Meshell*, 739 S.W.2d at 257. Like "for a reason beyond the control of the state" in Section 54.02(j)(4)(A), Article 32A.02 provided exceptions for when a delay would not require dismissal. *Meshell*, 739 S.W.2d at 251.

This Court noted that "our courts have long recognized" that the primary function of district and county attorneys is "to prosecute the pleas of the state in

14

criminal cases"and held:

> An obvious corollary to a district or county attorney's duty to prosecute criminal cases is the utilization of his own discretion in the preparation of those cases for trial. Therefore, under the separation of powers doctrine, the Legislature may not remove or abridge a district or county attorney's exclusive prosecutorial function, unless authorized by an express constitutional provision.

*Meshell*, 739 S.W.2d at 254-55.

This Court further found that in failing to incorporate the factors for a speedy "commencement of trial" in the statute, the Legislature deprived the prosecutor "of his exclusive prosecutorial discretion in preparing for trial without any consideration for the factors used to determine whether appellant has been deprived of his constitutional right to a speedy trial." *Meshell*, 739 S.W.2d at 256.

In *Ex parte Young*, 213 S.W.3d 327 (Tex. Crim. App. 2006), this Court adopted the dissenting opinion of Presiding Judge Keller in *State v. Condran*, 977 S.W.2d 144 (Tex. Crim. App. 1998). *Ex parte Young*, 213 S.W.3d at 331. In *Condran*, Presiding Judge Keller observed:

> The lesson drawn from *Meshell*, *Jones*,[6] and *Williams*[7] is that a

---

[6] *Jones v. State*, 803 S.W.2d 712 (Tex. Crim. App. 1991) (upholding Article 17.151, distinguishing release on bond from setting aside a prosecution as in *Meshell)*.

[7] *State v. Williams*, 938 S.W.2d 456, 458 (Tex. Crim. App. 1997) (upholding the Interstate Agreement on Detainers Act as a contractual arrangement by which the prosecutor "relinquished some of his power in exchange for the benefit

15

legislatively imposed deadline for prosecutorial action violates the Separation of Powers Clause if

(1) the remedy for failing to meet the deadline seriously disrupts the prosecutor's ability to perform his duties,

(2) the deadline cannot be justified as necessary to effectuate a superior constitutional interest, and

(3) the prosecutor did not contractually submit to the deadline.

In *Jones*, condition (1) was not true because the remedy of releasing the prisoner on bail did not seriously disrupt the prosecutor's ability to perform his duties. In *Williams*, condition (3) was not true because the prosecuting authorities had submitted to the deadline by requesting a prisoner under the IADA. But in *Meshell*, all three of these conditions were true. The remedy for a violation of the Speedy Trial Act was dismissal with prejudice—a remedy which necessarily causes a serious disruption in a prosecutor's ability to perform his duties by conclusively terminating the prosecution. The only constitutional interest arguably involved, the right to a speedy trial, was not effectuated by the Speedy Trial Act because the *Barker* factors were not included. And, the prosecuting authorities did not contractually submit to the deadlines established.

*Condran*, 977 S.W.2d at 146 (Keller, P.J., dissenting).

> 3. *Section 54.02(j)(4)(A) deprives the prosecutor of his exclusive prosecutorial discretion in preparing for trial in violation of the Separation of Powers Clause.*

Here, like *Meshell*, all three of the conditions for a separation of powers violation are true.

First, if the conditions for transferring the case to district court are not met, the

of obtaining custody of the out-of-state prisoner.").

16

remedy is dismissal with prejudice. *In re N.J.A.*, 997 S.W.2d at 556. Dismissal with prejudice "necessarily causes a serious disruption in a prosecutor's ability to perform his duties by conclusively terminating the prosecution." *Condran*, 977 S.W.2d at 146 (Keller, P.J., dissenting).

Second, Section 54.02(j)(4)(A) is directed to setting deadlines on the prosecution of a case; it does not insure the constitutional interest of being free from oppressive investigatory delay.

Third, "the prosecuting authorities did not contractually submit to the deadlines established." *Condran*, 977 S.W.2d at 146 (Keller, P.J., dissenting).

This Court should find that because Section 54.02(j)(4)(A) does not incorporate the factors for oppressive investigatory delay in dismissing a petition, the statute encroaches on the duties of the district and county attorneys to prosecute criminal cases in violation of the Separation of Powers Clause.

"[T]o provide for the protection of the public and public safety" is the first purpose of the Juvenile Justice Code. Tex. Fam. Code § 51.01(1) (West 2008). The District Attorney's exclusive prosecutorial discretion in preparing for a case should not be usurped without consideration of the established factors for determining unconstitutional oppressive investigatory delay.

*E.* *The undisputed evidence shows that the delay was not an intentional device used to gain a tactical advantage over the accused and no Due Process violation is shown.*

"[A] defendant must demonstrate that the delay: (1) caused substantial prejudice to his right to a fair trial, and (2) was an intentional device used to gain a tactical advantage over the accused." *Krizan-Wilson*, 354 S.W.3d at 814-15.

In this case, the delay in filing the case caused Appellant to lose the benefits of juvenile court. But even if the delay thus caused substantial prejudice to Appellant, the delay still must be shown to have been an intentional device used to gain a tactical advantage over Appellant. *See Spence v. State*, 795 S.W.2d 743, 750 (1990) (no error in denying motion to dismiss the indictment because while Spence showed preindictment delay, he failed "to show that it was intentional delay designed to give the State a tactical advantage over him").

The undisputed evidence shows that after E.W. outcried, her mother did everything she could to document and report this case--E.W. had a SANE exam and a CAC interview the day she outcried. [2 RR 63-64]

This case was assigned to Sheriff's Det. Cox, who at the time handled all CPS cases and had a pending caseload of 468 cases while also handling newly reported cases of a priority nature because the perpetrator is a caregiver and resides in the same home. [1 RR 73, 92] Det. Cox testified that given her caseload, it was not unusual for an investigation to last two-years. [1 RR 72-73]

18

Appellant denied E.W.'s allegations. [1 RR 102]

E.W. outcried three weeks after Appellant last assaulted her, and her SANE exam revealed no physical evidence of the assault. [1 RR 95-96] This was a he said-she said case about a continuing aggravated assault over the course of three years and was deserving of additional investigation. A two-year investigative delay in these circumstances is not oppressive or unconstitutional.

Aggravated sexual assault has no statute of limitations. Tex. Code Crim. Proc. art. 12.01(1)(B). It is a first degree felony offense, subject to punishment for five to ninety-nine years or life imprisonment and up to a $10,000 fine. Tex. Pen. Code §§ 22.021(e) & 12.32 (West 2008). Under the Juvenile Justice Code, a person committing such a serious offense may be transferred to district court when the person is just fifteen years of age. Tex. Fam. Code § 54.02(a)(1)(2)(A) (West 2008). These statutes show that the Legislature intended that victims of aggravated sexual assault should be heard and perpetrators punished.

This Court should find that there is no oppressive investigatory delay, reverse the judgment of the court of appeals, and affirm the judgment of the district court.

## PRAYER

The State prays that the Court will find that Section 54.02(j)(4)(A), Family Code violates the Separation of Powers Clause and is unconstitutional, find there was no oppressive investigatory delay, reverse the judgment of the court of appeals, and affirm the judgment of the juvenile court.

Respectfully submitted,

John F. Healey
SBOT # 09328300
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
SBOT #11395400
Assistant District Attorney
301 Jackson Street
Richmond, Texas 77469
(281) 341-4460 / (281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

Counsel for the State

## CERTIFICATE OF COMPLIANCE

I hereby certify that the State's brief in total through the prayer is 6,131 words, which is less than the 15,000 word limit for a brief on the merits.

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the State's brief on the merits was served by the electronic filing manager or by email June 8, 2015, on Ms. Carmen Roe, Attorney for Appellant, <carmen@carmenroe.com>, and on Ms. Lisa McMinn, State Prosecuting Attorney, <Lisa.McMinn@spa.texas.gov>.

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

# Appendix A



**Effective:[See Text Amendments] to August 31, 2009**

Vernon's Texas Statutes and Codes Annotated
  Family Code
    Title 3. Juvenile Justice Code
      Chapter 54. Judicial Proceedings
        →→ **§ 54.02. Waiver of Jurisdiction and Discretionary Transfer to Criminal Court**

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

  (1) the child is alleged to have violated a penal law of the grade of felony;

  (2) the child was:

    (A) 14 years of age or older at the time he is alleged to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree, and no adjudication hearing has been conducted concerning that offense; or

    (B) 15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication hearing has been conducted concerning that offense; and

  (3) after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

(b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

(c) The juvenile court shall conduct a hearing without a jury to consider transfer of the child for criminal proceedings.

(d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

(e) At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. At least one day prior to the transfer hearing, the court shall provide the attorney for the child with access to all written matter to be considered by the court in making the transfer decision. The court may order counsel not to reveal items to the child or his parent, guardian, or guardian ad litem if such disclosure would materially harm the treatment and rehabilitation of the child or would substantially decrease the likelihood of receiving information from the same or similar sources in the future.

(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:

  (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

  (2) the sophistication and maturity of the child;

  (3) the record and previous history of the child; and

  (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

(g) If the petition alleges multiple offenses that constitute more than one criminal transaction, the juvenile court shall either retain or transfer all offenses relating to a single transaction. A child is not subject to criminal prosecution at any time for any offense arising out of a criminal transaction for which the juvenile court retains jurisdiction.

(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and shall transfer the person to the appropriate court for criminal proceedings and cause the results of the diagnostic study of the person ordered under Subsection (d), including psychological information, to be transferred to the appropriate criminal prosecutor. On transfer of the person for criminal proceedings, the person shall be dealt with as an adult and in accordance with the Code of Criminal Procedure. The transfer of custody is an arrest.

(i) A waiver under this section is a waiver of jurisdiction over the child and the criminal court may not remand the child to the jurisdiction of the juvenile court.

(j) The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

  (1) the person is 18 years of age or older;

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

(2) the person was:

(A) 10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

(B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

(C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

(ii) the person could not be found; or

(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

(k) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering waiver of jurisdiction under Subsection (j) of this section.

(l) The juvenile court shall conduct a hearing without a jury to consider waiver of jurisdiction under Subsection

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

(j) of this section.

(m) Notwithstanding any other provision of this section, the juvenile court shall waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal court for criminal proceedings if:

   (1) the child has previously been transferred to a district court or criminal district court for criminal proceedings under this section, unless:

      (A) the child was not indicted in the matter transferred by the grand jury;

      (B) the child was found not guilty in the matter transferred;

      (C) the matter transferred was dismissed with prejudice; or

      (D) the child was convicted in the matter transferred, the conviction was reversed on appeal, and the appeal is final; and

   (2) the child is alleged to have violated a penal law of the grade of felony.

(n) A mandatory transfer under Subsection (m) may be made without conducting the study required in discretionary transfer proceedings by Subsection (d). The requirements of Subsection (b) that the summons state that the purpose of the hearing is to consider discretionary transfer to criminal court does not apply to a transfer proceeding under Subsection (m). In a proceeding under Subsection (m), it is sufficient that the summons provide fair notice that the purpose of the hearing is to consider mandatory transfer to criminal court.

(o) If a respondent is taken into custody for possible discretionary transfer proceedings under Subsection (j), the juvenile court shall hold a detention hearing in the same manner as provided by Section 54.01, except that the court shall order the respondent released unless it finds that the respondent:

   (1) is likely to abscond or be removed from the jurisdiction of the court;

   (2) may be dangerous to himself or herself or may threaten the safety of the public if released; or

   (3) has previously been found to be a delinquent child or has previously been convicted of a penal offense punishable by a term of jail or prison and is likely to commit an offense if released.

(p) If the juvenile court does not order a respondent released under Subsection (o), the court shall, pending the conclusion of the discretionary transfer hearing, order that the respondent be detained in:

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

(1) a certified juvenile detention facility as provided by Subsection (q); or

(2) an appropriate county facility for the detention of adults accused of criminal offenses.

(q) The detention of a respondent in a certified juvenile detention facility must comply with the detention requirements under this title, except that, to the extent practicable, the person shall be kept separate from children detained in the same facility.

(r) If the juvenile court orders a respondent detained in a county facility under Subsection (p), the county sheriff shall take custody of the respondent under the juvenile court's order. The juvenile court shall set or deny bond for the respondent as required by the Code of Criminal Procedure and other law applicable to the pretrial detention of adults accused of criminal offenses.

CREDIT(S)

Acts 1973, 63rd Leg., p. 1460, ch. 544, § 1, eff. Sept. 1, 1973. Amended by Acts 1975, 64th Leg., p. 2156, ch. 693, § 16, eff. Sept. 1, 1975; Acts 1987, 70th Leg., ch. 140, §§ 1 to 3, eff. Sept. 1, 1987; Acts 1995, 74th Leg., ch. 262, § 34, eff. Jan. 1, 1996; Acts 1999, 76th Leg., ch. 1477, § 8, eff. Sept. 1, 1999.

Melendez v. State, 4 S.W.3d 437 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (failure to notify consular officer that national arrested not a jurisdictional defect in certification proceedings)

In re N.M.P., 969 S.W.2d 95 (Tex. App.--Amarillo 1999, no pet.) (novelty of DNA testing in 1988 justified delay in certification proceedings)

In re D.L.J., 981 S.W.2d 815 (Tex. App.--Houston [1st Dist.] 1998, no writ) (conducting hearing without counsel reversible)

In re J.C.C., 952 S.W.2d 47 (Tex. App.--San Antonio 1997, no writ) (due diligence not shown for post-18 year old certification proceedings)

Brosky v. State, 915 S.W.2d 120 (Tex. App.--Fort Worth 1996, review ref'd) (prosecuting for different overt act but same conspiracy as alleged in certification petition OK)

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.