**The STATE of Texas, Appellant,**

v.

**Marco Antonio LOPEZ, Appellee.**

No. 05–05–00916–CR.

Court of Appeals of Texas, Dallas.

June 27, 2006.

Gary A. Udashen, Dallas, for Appellee.

John R. Rolater, Jr., Asst. Dist. Atty., Dallas, for Appellant.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

In this appeal, we must decide whether the statutory scheme that requires a hearing without a jury to consider transfer of a juvenile to adult criminal court violates the principles established in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and is therefore unconstitutional. For the reasons set out below, we conclude *Apprendi* does not apply to a juvenile court's decision to transfer jurisdiction to the criminal district court. We therefore reverse the trial court's order and remand this cause for further proceedings.

Sixteen-year-old Marco Lopez was referred to the juvenile court for the offense of murder, and the State then filed a petition for discretionary transfer to the criminal district court. The petition alleged that Lopez intentionally and knowingly caused the death of Jose Lopez by stabbing him with a knife. A probation officer prepared a social evaluation and investigative report, and a psychologist prepared a report of psychological evaluation and diagnostic study. Both recommended transfer to adult criminal court.

Following a hearing, the juvenile court judge determined probable cause existed to believe Lopez committed the offense of murder as alleged, made written findings under section 54.02(f) of the Texas Family Code, and signed a waiver of jurisdiction and order of transfer to criminal district court. Lopez was subsequently indicted for murder, and his case was transferred to Criminal District Court No. 5, where defense counsel filed a motion to quash and a motion to dismiss for lack of jurisdiction alleging the transfer order violated *Apprendi*. Specifically, defense counsel argued that Lopez was exposed to a greater punishment than he would have received as a juvenile without a jury's finding beyond a reasonable doubt the facts supporting the transfer.

At the hearing on Lopez's motion, the criminal district court admitted the transcript of the juvenile court proceedings. Defense counsel testified that the juvenile court process occurred without a jury, that he did not request a jury, and that he did not object to section 54.02(c) of the family code, which requires the juvenile court to conduct the hearing without a jury. Nevertheless, counsel argued that section 54.02(c) is unconstitutional because the State "seeks to increase the Defendant's authorized punishment, contingent on facts found by a judge and not beyond a reason-

able doubt." The trial court granted the motion dismissing the indictment.

The juvenile court has exclusive, original jurisdiction over children sixteen years of age and younger. Tex. Fam.Code Ann. §§ 51.02(2), 51.04(a) (Vernon 2002 & Supp. 2005); *Ex parte Waggoner*, 61 S.W.3d 429, 431 (Tex.Crim.App.2001). The discretionary power to transfer a juvenile may be exercised only after the State files a petition or motion requesting waiver and transfer. Tex. Fam.Code Ann. §§ 53.04, 54.02(b) (Vernon 2002); *Hidalgo v. State*, 983 S.W.2d 746, 749 (Tex.Crim.App.1999). The juvenile court may waive jurisdiction and transfer a case to a district court for criminal proceedings if the child is alleged to have committed a first-degree felony and was fourteen years of age or older at the time of the alleged offense. *See* Tex. Fam.Code Ann. § 54.02(a)(2). Waiver of jurisdiction is also contingent on a full investigation and a finding by the court that there is probable cause to believe the child committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child, the welfare of the community requires criminal proceedings. *Id.* The hearing is conducted without a jury. Tex. Fam.Code Ann. § 54.02(c).

Before the hearing, the juvenile court is required to order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his or her circumstances, and the circumstances surrounding the alleged offense. Tex. Fam. Code Ann. § 54.02(a); *In re J.S.C.*, 875 S.W.2d 325, 326 (Tex.App.-Corpus Christi 1994, writ dism'd by agr.). Based on this information, the juvenile court judge must determine, among other matters: (1) whether the offense was against person or property, with greater weight in favor of transfer given to offenses against the person; (2) whether the offense was committed in an aggressive and premeditated manner; (3) whether there is evidence on which a grand jury may be expected to return an indictment; (4) the sophistication and maturity of the child; (5) the record and previous history of the child; and (6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court. Tex. Fam. Code Ann. §§ 54.02(a), (f); *In re J.S.C.*, 875 S.W.2d at 326.

A juvenile certification hearing is not a trial on the merits. *In the Matter of P.A.C.*, 562 S.W.2d 913, 915 (Tex.Civ.App.-Amarillo 1978, no writ). The United States Supreme Court has recognized that although a juvenile court hearing to determine whether to waive jurisdiction and transfer a juvenile for trial as an adult is subject to essentials of due process and fair treatment, it is not required to conform to all of the requirements of a criminal trial or even of the usual administrative hearing. *See Kent v. United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). At the hearing, the court does not consider guilt or innocence, but whether the juvenile's and society's best interests would be served by maintaining custody of the child in the juvenile system or by a transfer to a district court for trial as an adult. *Id.* The hearing is comparable to a criminal probable cause hearing and the court need not resolve evidentiary conflicts beyond a reasonable doubt. *In the Matter of K.B.H.*, 913 S.W.2d 684, 689 (Tex.App.-Texarkana 1995, no writ). The juvenile court's findings regarding transfer are reviewed for an abuse of discretion. *In re J.S.C.*, 875 S.W.2d at 326.

Here, the State makes two arguments as to why the trial court's order dismissing the indictment is erroneous. First, the State argues that Lopez waived his challenge to the constitutionality of the juvenile court's transfer order by failing to object on that basis in the juvenile court and, second, *Apprendi* does not render unconstitutional the statutory provision that the decision to transfer be made by the trial court rather than a jury.

■ With respect to the waiver issue, the State contends Lopez did not complain about the procedure in the juvenile court and therefore his complaint in the district court is a collateral attack. While the State is correct that Lopez did not challenge the constitutionality of the statute in the juvenile court, he did bring his complaint in the criminal district court, after he was indicted but before trial. Although the State urges this is a collateral attack on another court's order, we disagree. The order in question impacts the jurisdiction of both the juvenile and criminal district courts. Additionally, a juvenile is not allowed to appeal a transfer order until after he is either convicted or receives deferred adjudication for the offense in criminal court. *See* TEX.CODE CRIM. PROC. ANN. Art. 44.47(b) (Vernon Supp. Pamph. 2005). Under these circumstances, we conclude Lopez did not waive his *Apprendi* complaint by not first raising it in the juvenile court. We resolve the first issue against the State.

■ We next address *Apprendi* and its application to juvenile transfers. In *Apprendi*, the United States Supreme Court held unconstitutional a hate-crime statute that allowed for an increased sentence if the trial judge determined that the defendant committed the crime with the intent to intimidate a person or group of persons because of their race, color, gender, handicap, religion, sexual orientation, or ethnicity. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. The Supreme Court held that, other than the fact of a prior conviction, any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Id.* at 491, 120 S.Ct. 2348. The "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Blakely v. Washington*, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The question here is whether the transfer from juvenile to adult court increases the penalty beyond the prescribed statutory maximum for the offense alleged. We conclude it does not.

The transfer proceeding establishes the basis for the district court's jurisdiction over a defendant, and the governing statute sets out the specific facts that the juvenile court judge must find before waiving jurisdiction. *See* TEX. FAM.CODE ANN. § 54.02. While a result of the transfer is that a defendant may be tried as an adult, the transfer itself does not involve any increase in penalty. Because the transfer from juvenile court to district court does not "increase the penalty beyond the prescribed statutory maximum" for the offense alleged, *Apprendi* does not require that a jury find the facts that allow the transfer of a juvenile case for trial in criminal district court. *See United States v. Miguel*, 338 F.3d 995, 1004 (9th Cir.2003) (concluding *Apprendi* did not apply to federal transfer proceedings because statute simply establishes basis for district court jurisdiction, not potential punishment for crime); *see also State v. Mays*, 277 Kan.

359, 367–68, 85 P.3d 1208, 1216 (2004) (rejecting claim that juvenile court proceeding used to authorize juvenile's prosecution as adult violated *Apprendi,* reasoning that transfer statute did not involve guilt or innocence but only appropriate system for juvenile offender); *State v. H.O.,* 119 Wash.App. 549, 81 P.3d 883, 886 (2003) (rejecting argument that *Apprendi* required juvenile court to use beyond reasonable doubt standard to determine whether juvenile should be tried as adult), *review denied,* 152 Wash.2d 1019, 101 P.3d 108 (2004); *People v. Beltran,* 327 Ill. App.3d 685, 262 Ill.Dec. 463, 765 N.E.2d 1071, 1076 (concluding that because *Apprendi* pertains only to criminal proceedings, it does not apply to hearing that only determines forum in which guilt is adjudicated, not minor's actual guilt), *appeal denied,* 199 Ill.2d 559, 266 Ill.Dec. 442, 775 N.E.2d 4 (2002). We sustain the State's second issue.

We reverse the trial court's order and remand the case to that court for further proceedings consistent with this opinion.