

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00048-CV

_____

IN THE MATTER OF S.B.

On Appeal from County Court
Young County, Texas
Trial Court No. J00765

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

## I. Introduction

Appellant S.B. was 19 years old when the State alleged that she had sexually assaulted three children when she was 14 years old and sought a transfer from the juvenile court to the district court for S.B. to be tried as an adult. After a hearing, the juvenile court ordered S.B.'s case transferred to a criminal district court. *See* Tex. Fam. Code Ann. § 54.02(j). In one issue comprising four sub-issues, S.B. appeals the juvenile court's decision. We affirm in part and reverse and dismiss in part.

## II. Procedural Background

In its live pleadings, the State alleged that S.B. had engaged in delinquent conduct from on or about her fourteenth birthday in the latter part of February 2013 through December 31, 2015—when she would have been almost 16 years old—by committing the aggravated sexual assault of L.V., J.M., and J.Z., each younger than 14 at the time. Specifically, in three paragraphs under section II of the first amended adjudication petition, the State alleged that S.B. had caused each child to penetrate her sexual organ with their respective sexual organs as follows:

II.

[S.B.] engaged in delinquent conduct, to-wit:

. . . [S.B.] did then and there intentionally and/or knowingly sexually assault [L.V.] by causing the sexual organ of [L.V.] . . . to penetrate the sexual organ of [S.B.]

. . . [S.B.] did then and there intentionally and/or knowingly sexually assault [J.M.] by causing the sexual organ of [J.M.] . . . to penetrate the sexual organ of [S.B.]

. . . [S.B.] did then and there intentionally and/or knowingly sexually assault [J.Z.] by causing the sexual organ of [J.Z.] . . . to penetrate the sexual organ of [S.B.]

At the transfer hearing, the State relied upon family code section 54.02(j) to argue that there was sufficient cause to have the matter transferred to the district court and for S.B. to be certified to stand trial as an adult. And the State's amended transfer petition paralleled the statutory language, claiming impracticability as the basis for the State's failure to proceed in juvenile court prior to S.B.'s eighteenth birthday:

> that for a reason beyond the control of the State, it was not practicable to proceed in juvenile court before the 18th birthday of [S.B.] or after due diligence of the State it was not practicable to proceed in juvenile court before the 18th birthday of [S.B.] because the State did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of [S.B.].

*Id.* § 54.02(j)(4)(A)–(B). S.B. argued that the juvenile court had no jurisdiction to transfer the case and had to dismiss it.

Each party called one witness. At the hearing's conclusion, the juvenile court granted the State's petition and signed a waiver of jurisdiction and order of transfer.

### III. Discussion

A juvenile court has exclusive, original jurisdiction over all proceedings involving a person who has engaged in delinquent conduct as a result of acts committed before age 17. *Moore v. State* (*Moore I*), 446 S.W.3d 47, 50 (Tex. App.—

Houston [1st Dist.] 2014) (citing Tex. Fam. Code Ann. §§ 51.02(2), 51.04), *aff'd*, *Moore v. State* (*Moore II*), 532 S.W.3d 400 (Tex. Crim. App. 2017) (op. on reh'g). While a juvenile court does not lose jurisdiction when a juvenile turns 18, its jurisdiction becomes limited to either transferring the case to an appropriate court or dismissing the case. *Id.* As applicable here, under family code section 54.02(j), the juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

(1) the person is 18 years of age or older;

(2) the person was:

. . . .

(B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed . . . a felony of the first degree other than an offense under Section 19.02, Penal Code; . . .

. . . .

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

4

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

(ii) the person could not be found; or

(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

Tex. Fam. Code Ann. § 54.02(j). The State has the burden of showing that proceeding in juvenile court was not practicable because of circumstances outside the State's control. *Moore I*, 446 S.W.3d at 51–52 (holding that the State failed to satisfy its burden under section 54.02(j)(4)(A) because "the State" includes law enforcement, and the detective's heavy caseload and mistake about appellant's age were not reasons beyond the State's control). When the State fails to meet its burden, its noncompliance with section 54.02 deprives the juvenile court of jurisdiction. *Id.* at 52; *see also Moore II*, 532 S.W.3d at 403–04 ("We agree with the court of appeals that the common understanding of the term 'the state' includes both law enforcement and the prosecution.").

In its transfer order, the juvenile court made the following findings of fact:

- S.B. was over 14 years of age at the time the acts upon which the State's motion to adjudicate were alleged to have occurred[,] and no adjudication hearing had been conducted concerning those acts;

- The acts alleged in Paragraph II of the First Amended State's Adjudication Petition are felony offenses if committed by an adult;

5

- There is probable cause to believe that S.B. committed the offenses alleged in Paragraph II of the First Amended State's Adjudication Petition;

- That S.B. is 18 years of age or older, and that "for a reason beyond the control of the State, it was not practicable to proceed in juvenile court before the 18th birthday of [S.B.] or after due diligence of the State it was not practicable to proceed in juvenile court before [S.B.'s eighteenth birthday] because the State did not have probable cause to proceed in juvenile court and new evidence has been found since" S.B.'s eighteenth birthday.

S.B. complains that the juvenile court abused its discretion by issuing the transfer order when the State produced no evidence or insufficient evidence during the hearing from which the juvenile court could find:

- that the delay in the proceedings against her was beyond the State's control;

- that the State exercised due diligence;

- that there was probable cause to believe that she committed the offense listed in section II, paragraph 3, of the First Amended State's Adjudication Petition when the allegations in paragraph 3 differ from the testimony at the hearing and there was no evidence that she caused J.Z.'s sexual organ to penetrate her sexual organ; and

- that S.B. was fourteen years old at the time of the commission of the alleged offenses listed in section II, paragraphs 1 and 3 of the First Amended State's Adjudication Petition—the offenses she allegedly committed against L.V. and J.Z.—when the evidence proved only that it allegedly occurred in 2013, and S.B. was thirteen years old for part of that year.

Juvenile cases are reviewed under the civil standards of review for legal and factual sufficiency, and the State's burden is the preponderance of the evidence. *Moon v. State*, 451 S.W.3d 28, 40–41, 46 (Tex. Crim. App. 2014). We first review a juvenile

6

court's specific findings of fact under the civil sufficiency standards[1] before reviewing the ultimate waiver decision for an abuse of discretion. *See id.* at 47, 49–50. That is, we consider first whether the juvenile court had sufficient information upon which to exercise its discretion and only then whether it acted without reference to any guiding rules or principles when it applied its discretion. *Id.* at 47.

## A. Evidence at the Hearing

The State called John Edward Orr Jr., the chief deputy of the Young County Sheriff's Office, who had been working in law enforcement in various positions since 1990 and who, as chief deputy, supervised investigations in the sheriff's office.

---

[1]Under the civil sufficiency standards, we may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014) (op. on reh'g); *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996); *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996). When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

Deputy Orr testified that Investigator Bay had originally conducted the sheriff's department's investigation on S.B.'s case but had retired before S.B. was apprehended. Deputy Orr took over the investigation after S.B. was apprehended and "re-established that everything in [the original investigation] was true." S.B. was 19 years old when he reinvestigated the case. As part of his reinvestigation, Deputy Orr re-interviewed the parents of the child who made the outcry[2] and completed a supplemental report after watching forensic interview videotapes.

Deputy Orr testified that the sheriff's office became aware of the case after the Olney Police Department received a call about one of the complainants and received information "that an outcry had been made of aggravated sexual assault of a child."[3] After the Olney police took the initial statement and a forensic examiner conducted interviews with the children, Olney's police chief determined that Olney did not have sufficient resources to continue the investigation and asked the sheriff's office to take over. Investigator Bay watched the forensic interviews and then tried to find S.B.

Deputy Orr identified the complainants as L.V., a male; J.M., another male; and J.Z., a female. According to Deputy Orr, S.B. turned 14 years old in February 2013, was 14 years old when she allegedly assaulted L.V. and J.Z., and was 15 years old when she allegedly assaulted J.M. Deputy Orr testified that he had been able to

[2]The record does not reflect which child made the outcry.

[3]The Olney Police Department had received a call regarding one of the complainants, who had been caught watching pornography and had been acting out at school.

8

narrow down the window of abuse of J.M. to a couple of months based on the date the child's family had moved to Olney,[4] when S.B. would have been 15 years old.

The children had specifically identified S.B. as the perpetrator and knew her because she was a relative. She had lived with one of the children and babysat the other two.

In their forensic interviews, L.V. described mutual masturbation and sexual intercourse with S.B. when he was nine years old, around 2013; J.M. described mutual masturbation and sexual intercourse "with his penis and her vagina" multiple times when he was between eight and nine years old; and J.Z. described mutual masturbation and S.B.'s touching her vagina both inside and outside of her vaginal lips, starting when she was six or seven years old and continuing until she was nine or ten years old, around 2013. Deputy Orr testified that one of the children who was interviewed was unable to communicate very well but had since been through speech therapy and that the sheriff's office was "having a forensic done on [the child] just to confirm that everything was communicated correctly during the first one."

S.B. had left her home in Olney by the time one of the children outcried in December 2016, a year to a year-and-a-half after the abuse stopped. The forensic interviews were conducted on December 14, 2016, January 4, 2017, and February 8,

---

[4]To protect the complainant's privacy, although Deputy Orr testified about the actual date when J.M.'s family moved to Olney, we do not reveal that information here. *See* Tex. R. App. P. 9.8–9.9.

2017—just weeks before S.B.'s eighteenth birthday. Investigator Bay had been part of the investigation team to arrange and observe those interviews.

More than a year went by before authorities located S.B. The Texas Rangers and the United States Marshal's Office helped the Young County Sheriff's Office locate her in Florida by using electronic surveillance, and she was picked up on November 29, 2018. Based on the forensic interviews, Deputy Orr signed the probable cause affidavit for the issuance of the directive to apprehend S.B. about a month before her nineteenth birthday, during the week of January 14, 2019.[5]

S.B.'s sole witness at the transfer hearing was Heath Henderson, Young County's Chief of Juvenile Probation, who had sworn out an affidavit for a directive to apprehend S.B. in cause number J00744, a different aggravated-sexual-assault-of-a-child and indecency-with-a-child case, which had been previously dismissed. Henderson testified that in preparing the affidavit for a directive to apprehend, he relied on the "information in the case and the information from the county attorney's office," including reports of Olney Police Officer Cross, Investigator Bay, and the summaries of the December 2016, January 2017, and February 2017 forensic interviews. The directive to apprehend was signed after S.B. had already turned 18 years old, but its supporting affidavit alleges an offense that occurred "on or about

[5]There is no explanation in the record as to why the trial court signed a directive to apprehend S.B. two months after she had already been picked up in Florida, but the record suggests that S.B. may have been apprehended in Florida on the April 5, 2017 directive to apprehend related to the charges in cause number J00744, discussed below.

10

3/01/2007, in Young County, Texas." S.B. was only eight years old on March 1, 2007.

## B. Application

In a single issue comprising four sub-issues, S.B. complains that the juvenile court abused its discretion by issuing the transfer order because the evidence is legally and factually insufficient to support the trial court's findings.

### 1. Sufficiency of the Evidence that the Delay was Beyond State's Control

In subissue 1(a), S.B. argues that the State produced no evidence or insufficient evidence during the hearing from which the juvenile court could find that the delay in the proceedings against her was beyond the State's control when the last set of forensic interviews ended a little over a week before her eighteenth birthday in 2017. But the record reflects that S.B. had already left her home in Olney by the time one of the children outcried in December 2016, a year to a year-and-a-half after the alleged abuse had ended, and she was not picked up until November 29, 2018, in Florida, through the efforts of the U.S. Marshal's Office.

Viewing the evidence in the light most favorable to the trial court's finding, and after considering and weighing all of the evidence in the record pertinent to that finding, the trial court could have concluded that the delay was beyond the State's control when S.B. was not available for prosecution because she had left the state. Accordingly, we overrule subissue 1(a) and do not reach subissue 1(b) with regard to the State's due diligence. *See* Tex. Fam. Code Ann. § 54.02(j)(4)(A)–(B) (stating that

11

the practicability prong is satisfied if the juvenile court finds from the preponderance of the evidence that "(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; *or* (B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person . . ." (emphasis added)); Tex. R. App. P. 47.1.

### 2. Sufficiency of the Evidence as to Allegations Regarding J.Z., a Female

In subissue 1(c), S.B. challenges the legal sufficiency of the evidence to support the trial court's finding that there was probable cause to believe that she committed the offense listed in section II, paragraph 3, of the First Amended State's Adjudication Petition, with regard to J.Z., when the allegations in paragraph 3 differ from the testimony at the hearing, to wit: there was no evidence that S.B., a female, caused the sexual organ of J.Z., another female, to penetrate S.B.'s sexual organ.

The State concedes that there is no evidence that S.B. caused J.Z.'s sexual organ to penetrate S.B.'s sexual organ but nonetheless argues that S.B.'s digital penetration of J.Z.'s sexual organ was sufficient to support an aggravated-sexual-assault-of-a-child charge. In its brief, the State points out that S.B. cited no authority to support her argument that a variance between the State's proof at a transfer hearing and the adjudication petition is fatal to the transfer order. However, in her brief, S.B. directed us to *In re D.L.C.*, No. 06-16-00058-CV, 2017 WL 1055680, at *4 (Tex. App.—Texarkana Mar. 21, 2017, no pet.) (mem. op.), and cases cited therein.

12

In *D.L.C.*, the Texarkana court observed that a certification hearing is not a trial on the merits of the alleged offense. *Id.* (citing *State v. Lopez*, 196 S.W.3d 872, 874 (Tex. App.—Dallas 2006, pet. ref'd)). Instead of considering guilt or innocence, the hearing is "much like a probable cause hearing, and the trial court is not required to resolve evidentiary conflicts beyond a reasonable doubt." *Id.* Nonetheless, family code section 54.02(j)(5) states that a juvenile court may waive its jurisdiction if it "determines that there is *probable cause* to believe that the child before the court committed the offense *alleged*." *Id.* at *5 (quoting Tex. Fam. Code Ann. § 54.02(j)) (emphasis added). And probable cause exists "when there are sufficient facts and circumstances to warrant a reasonably prudent person to believe that the accused committed the *alleged* offense." *Id.* at *4 (emphasis added) (citing *Grant v. State*, 313 S.W.3d 443, 445 (Tex. App.—Waco 2010, no pet.)).

In *D.L.C.*, the juvenile court certified the juvenile to be tried as an adult for one count of sexual assault and one count of aggravated sexual assault based on the allegation that he had intentionally or knowingly caused the penetration of Jane Doe's sexual organ with his sexual organ without her consent. *Id.* at *1–2 & nn.7, 9. The Texarkana court held that there was sufficient evidence to support the juvenile court's finding that there was probable cause to believe that D.L.C. committed the offense of sexual assault when it had before it, among other things, the sworn affidavit of Jane's mother restating Jane's recitation of the events that night, which had involved D.L.C.'s penetrating Jane's sexual organ with his penis, Jane's interview, and the

13

affidavit of one of D.L.C.'s peers, who stated that D.L.C. told him that "he felt like it was forceful and he knew he hurt" Jane and that "she was telling him to stop and he didn't and she was crying." *Id.* at *1 n.3, *8.

In contrast to *D.L.C.*, here, the State alleged in paragraph 3 of its adjudication petition that on or about S.B.'s fourteenth birthday in February 2013, and continuing through December 31, 2015, S.B. intentionally or knowingly sexually assaulted J.Z., a child younger than 14, by causing *J.Z.'s sexual organ to penetrate S.B.'s sexual organ.* Deputy Orr testified that J.Z. was female and that in her forensic interview, J.Z. described mutual masturbation and S.B.'s having touched her vagina both inside and outside of her vaginal lips, but there was no testimony that J.Z.'s sexual organ had or could have penetrated S.B.'s sexual organ.

Accordingly, because the statute requires probable cause to believe the juvenile committed the offense alleged by the State, the trial court lacked sufficient evidence upon which to exercise its discretion. We sustain subissue 1(c). *See Moon*, 451 S.W.3d at 36 ("The transfer of a juvenile offender from juvenile court to criminal court for prosecution as an adult should be regarded as the exception, not the rule[.]"); *see also Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014) (stating that while immaterial variances do not affect the validity of a criminal conviction, and a hypothetically correct jury charge need not incorporate an indictment's allegations that would give rise to only immaterial variances, "a material variance renders a conviction infirm, and the only remedy is to render an acquittal"); *Johnson v. State*, 364 S.W.3d 292, 298 (Tex.

Crim. App.) ("[A] variance involving statutory language that defines the offense always renders the evidence legally insufficient to support the conviction (i.e., such variances are always material)."), *cert. denied*, 568 U.S. 985 (2012).

### 3. Sufficiency of the Evidence as to S.B.'s Age at the Time of the Alleged Offense Against J.Z.

In subissue 1(d), S.B. argues that the evidence is legally and factually insufficient to support the trial court's finding that she was 14 years old at the time that the alleged offenses in section II, paragraphs 1 and 3 occurred when the testimony was limited to a single year, and S.B. was 13 years old for part of that year. Having upheld S.B.'s previous sub-issue with regard to paragraph 3, we do not reach this portion of subissue 1(d). *See* Tex. R. App. P. 47.1.

### 4. Sufficiency of the Evidence as to S.B.'s Age at the Time of the Alleged Offense Against L.V.

With regard to the allegation in paragraph 1 that S.B. intentionally or knowingly sexually assaulted L.V. on or about her fourteenth birthday in February 2013, through December 31, 2015, by causing L.V.'s sexual organ to penetrate S.B.'s sexual organ, the only proof in the record that S.B. was 14 years old when she sexually assaulted L.V. was sparse testimony elicited from Deputy Orr that:

(1) S.B. was "[f]ourteen for two of the victims and 15 for the third victim";

(2) "[A]s far as [he] could tell," S.B. was either 14, 15, or 16 when she allegedly committed these offenses; and

(3) S.B. assaulted L.V. in 2013 when L.V. was 9 years old.

15

As to the first statement—that S.B. was 14 for two of the victims and 15 for the third victim—Deputy Orr clarified that J.M., not L.V., was the victim of the offense that occurred when S.B. was 15 years old. He testified that he was able to narrow down the date of the offense as to J.M. to a couple of months when S.B. was 15 years old based on the date that J.M.'s family moved to Olney. But as to L.V., Deputy Orr acknowledged that he could not narrow down the dates of the offense, explaining that he could give only "what the kids were able to provide and . . . most of them I can't narrow down -- the year[.]"

And to a follow-up question, "I thought your testimony was that it occurred in 2013," Deputy Orr replied, "that would have been J[.]Z[.] and L[.]V[.] was 2013." Based on this testimony, the only evidence of S.B.'s age with regard to the allegations related to L.V. is that because it occurred in 2013, S.B. could have been either 13 or 14. The court's finding that she was 14 at the time of the alleged sexual assault in 2013 required speculation as to when in 2013 the assault occurred. Speculation is no evidence at all. *See HMC Hotel Props. II Ltd. P'ship v. Keystone-Texas Prop. Holding Corp.*, 439 S.W.3d 910, 916 (Tex. 2014) ("Testimony based on nothing but speculation is evidence of nothing at all."); *Fieldtech Avionics & Instr., Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 833 (Tex. App.—Fort Worth 2008, no pet.) ("Speculation is not

16

evidence."). That is, it constitutes no more than a scintilla, which is legally insufficient to support a finding.[6]

As to Deputy Orr's testimony that "as far as [he] could tell," S.B. was either 14, 15, or 16 when she allegedly committed these offenses, this testimony is conclusory. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (op. on reh'g); *see Scott v. U.S. Bank, Nat'l Ass'n*, No. 02-12-00230-CV, 2014 WL 3535724, at *4 (Tex. App.—Fort Worth July 17, 2014, no pet.) (mem. op.) ("A statement is conclusory if it expresses a subjective belief and gives no factual support for that belief.").

Deputy Orr was not asked, and he did not reveal any basis for his conclusion that S.B. was 14, rather than 13, when the alleged offenses occurred. Without more, this conclusory testimony is no evidence at all. *See, e.g.*, *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 222 (Tex. 2019) (stating, with regard to expert testimony, "This Court has said that 'conclusory testimony cannot support a

---

[6]Scintilla means a spark or trace. *Scintilla*, Black's Law Dictionary (10th ed. 2014). Anything more than a scintilla of evidence is legally sufficient to support a finding. *Cazarez*, 937 S.W.2d at 450. More than a scintilla exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins.*, 77 S.W.3d 253, 262 (Tex. 2002); *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S. 1119 (1998). On the other hand, when the evidence offered to prove a vital fact is so weak that it creates no more than a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983); *see King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

judgment' because it is considered no evidence." (quoting *City of San Antonio v. Pollock*, 284 S.W.3d 809, 818 (Tex. 2009)); *Sheffield Dev. Co. v. Carter & Burgess, Inc.*, No. 02-11-00204-CV, 2012 WL 6632500, at *11 (Tex. App.—Fort Worth Dec. 21, 2012, pet. dism'd) (same); *see also Long v. Faris*, No. 02-17-00236-CV, 2018 WL 1192252, at *6 (Tex. App.—Fort Worth Mar. 8, 2018, no pet.) ("Conclusory evidence is not competent summary judgment proof as to the element challenged and, therefore, constitutes no evidence.").

As to Deputy Orr's statement that S.B. assaulted L.V. in 2013 when L.V. was nine years old, this, too, constitutes no proof of *S.B.*'s age. If the record had contained evidence of L.V.'s date of birth, the trial judge might have been able to logically deduce S.B.'s age at the time of the alleged assault in 2013. For example, if L.V.'s ninth birthday had occurred during the summer of 2013, then S.B. would certainly have been 14 if the assault occurred when L.V. was nine years old. But the record contains no evidence of L.V.'s date of birth. If any other evidence had been offered that would narrow the general timeframe—for example, the dates when S.B. lived with or babysat L.V.,[7] whether the alleged assault occurred over summer vacation or on Halloween, or if any seasonal activities were ongoing at the time of the assault—then S.B.'s age could have been reasonably deduced. But, again, there is no such evidence in this record. Thus, Deputy Orr's statements that "L[.]V[.] would

---

[7]S.B. babysat two of the children and lived with the other child, but the record does not reveal which were which.

18

have been nine years old," and "that would have been 2013" provide no evidence that the alleged assault occurred during the period of time between S.B.'s fourteenth birthday in late February 2013 and the last day of that year, December 31, 2013.

Deputy Orr's conclusory testimony created no more than a mere surmise or suspicion that S.B. was 14 years old when she allegedly committed the offense involving L.V. in this case in 2013. As such, his testimony constitutes a mere scintilla of evidence, i.e., no evidence at all. *See HMC Hotel Props. II Ltd. P'ship*, 439 S.W.3d at 916; *Kindred*, 650 S.W.2d at 63; *see also King Ranch, Inc.*, 118 S.W.3d at 751.

Accordingly, because there is no more than a scintilla of evidence to support the trial court's finding that S.B. was at least 14 years old when she sexually assaulted L.V., the finding is without legally sufficient evidentiary support. Thus, we sustain this portion of S.B.'s subissue 1(d). *See* Tex. Fam. Code Ann. § 54.02(j)(2)(B), (5) (providing that the juvenile court may waive its exclusive original jurisdiction and transfer the case *if* the person was 14 years of age or older when she is alleged to have committed a first-degree felony and determines that there is probable cause to believe that the child committed the offense alleged); *Ford Motor Co.*, 444 S.W.3d at 620 (requiring more than a mere scintilla). Because the evidence is not legally sufficient, we do not reach S.B.'s factual sufficiency complaint.

## IV. Conclusion

Having sustained S.B.'s subissue 1(c) with regard to the allegations relating to J.Z. in the First Amended State's Adjudication Petition, and thus having not reached the portion of S.B.'s subissue 1(d) pertaining to that paragraph, we reverse the juvenile court's transfer order as to section II, paragraph 3, of the First Amended State's Adjudication Petition. We order that section II, paragraph 3 is dismissed. *See Moore I*, 446 S.W.3d at 50, 52. Having sustained the legal sufficiency portion of S.B.'s subissue 1(d) with regard to the allegations relating to L.V. in the First Amended State's Adjudication Petition, we order that section II, paragraph 1 is also dismissed. *See id.* As to the allegations related to J.M., we affirm the juvenile court's order waiving its jurisdiction and transferring the case to a criminal district court for criminal proceedings. *See* Tex. Fam. Code Ann. § 54.02(j).

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: July 25, 2019

20